IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RACHEL BIZZELL, | ) | |
| | ) | Civil Action No.: |
|    Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CLAYTON COUNTY | ) | |
| COMMISSIONERS  d/b/a  CLAYTON | ) | |
| COUNTY SENIOR SERVICES. | ) | |
| | ) | |
|    Defendant. | ) | |

_____

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Rachel Bizzell ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against Defendant Clayton County Commissioners d/b/a Clayton County Senior Services ("Defendant") pursuant to the Family Medical Leave Act ("FMLA") and shows the Court as follows:

## **JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C.§2000(e)-5(f), venue is appropriate in this Court.

**PARTIES**

3.

Plaintiff is an African-American female, citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its legal counsel, Charles Reed, at 112 Smith Street, Jonesboro, Georgia 30236.

## FACTUAL ALLEGATIONS

6.

Defendant is now, and at all times relevant hereto, has been an employer subject to the FMLA.

7.

Plaintiff began working for the Defendant on or around May 1, 2009, as a Congregate Sit Coordinator.

8.

During her time working for the County, she had consistently received "meets or exceeds expectations" on her performance reviews.

9.

On or about October 5, 2020, Plaintiff received a notification from the County that she would need to submit medical records for re-certification of her FMLA no later than October 26, 2020 to remain covered under intermittent FMLA.

10.

On October 20, 2020, Plaintiff requested leave for a medical condition which had been covered under the FMLA.

3

11.

The requested leave protected by the FMLA would have been on October 22, 2020.

12.

On October 21, 2020, Defendant terminated Plaintiff stating "misconduct." Defendant's Director who was the decision maker had received notification of Plaintiff's request for FMLA protected leave no the day before terminating Plaintiff.

13.

In its termination letter, Defendant cited Plaintiff's failure to attend a virtual Mandated Reporting Training as one of the reasons for Plaintiff's termination.

14.

However, there were other similarly situated employees to Plaintiff that had yet to complete the virtual Mandated Reporting Training, but was not terminated.

15.

Any reason given for Plaintiff's termination is pretext for unlawful FMLA interference and retaliation.

16.

Defendant was on notice that Plaintiff's absences were necessitated by qualifying conditions under the FMLA.

17.

Defendant terminated Plaintiff because of her need for FMLA protected leave and/or due FMLA protected work absences.

18.

In terminating Plaintiff, Defendant interfered with Plaintiff's exercise of FMLA rights and/or retaliated against Plaintiff for his exercise of FMLA rights.

19.

Defendant terminated Plaintiff in retaliation for his exercise of rights protected by the FMLA. In so doing, Defendant violated the FMLA.

20.

Plaintiff worked more than 1250 hours during the 12-month period immediately preceding his FMLA protected absences, requested leave, and termination. Plaintiff was employed by Defendant for more than 12 months preceding his FMLA protected absences, request for leave and termination.

21.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks in the 2019 and 2020 calendar years, within 75 miles of the location where Plaintiff worked for Defendant.

**CLAIMS FOR RELIEF**
**VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT**
**COUNTS I & II**
**(FMLA INTERFERENCE AND RETALIATION)**

22.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

23.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

24.

Plaintiff was an eligible employee under the FMLA.

25.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, entitling him to all appropriate relief under the statute.

26.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

27.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

28.

Defendant terminated Plaintiff because of her need for intermittent FMLA leave and/or due FMLA protected work absences. Any reason given for Plaintiff's termination is pretext for unlawful FMLA interference and/or retaliation.

29.

Defendant terminated Plaintiff in retaliation for her exercise of rights protected by the FMLA. In so doing, Defendant violated the FMLA.

30.

As a result of her termination, Plaintiff has suffered lost wages and other damages for which he is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is entitled to liquidated damages.

31.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(c)     Punitive damages;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     All equitable relief available under the FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)      All other relief to which she may be entitled.

Respectfully submitted this 2nd day of November, 2021.

s/ Jeremy Stephens
Jeremy Stephens, Esq.
GA Bar No.: 702063
MORGAN & MORGAN
191 Peachtree Street, N.E., Ste. 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel: (404) 965-1682
E-mail: jstephens@forthepeople.com
Attorneys for Rachel Bizzell

9